CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 28, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:**<br><br>**727 LOFTS BEST LIVING, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | <br>**Case No. 26-32779-SGJ11**<br>**(Jointly Administered)**<br><br>**Chapter 11** |
| **In re:**<br><br>**727 LOFTS HOLDINGS, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | <br>**Case No. 26-32780-SGJ11**<br>**(Jointly Administered)**<br><br>**Chapter 11** |
| **In re:**<br><br>**REMINGTON RANCH'S BEST LIVING, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§<br>§ | <br>**Case No. 26-32804-SGJ11**<br><br><br>**Chapter 11** |
| **In re:**<br><br>**LOFTS AT NORTH PENN BEST LIVING, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§<br>§ | <br>**Case No. 26-32920-SGJ11**<br><br><br>**Chapter 11** |

| | | |
|---|---|---|
| **In re:**<br><br>**A-V VILLAGE CREEK OWNER, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-32922-SGJ11**<br><br>**Chapter 11** |
| **In re:**<br><br>**BARCELONA BEST LIVING, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No. 26-33093-SGJ11**<br><br>**Chapter 11** |
| **In re:**<br><br>**LOUIS INVESTMENTS, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No. 26-33110-SGJ11**<br><br>**Chapter 11** |
| **In re:**<br><br>**WOODLAND MANOR BEST LIVING, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-33167-SGJ11**<br>**(Jointly Administered)**<br><br>**Chapter 11** |
| **In re:**<br><br>**WOODLAND MANOR TIC 1, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No. 26-33168-SGJ11**<br>**(Jointly Administered)**<br><br>**Chapter 11** |
| **In re:**<br><br>**RIDGE BEST LIVING, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No. 26-33177-SGJ11**<br><br>**Chapter 11** |

## ***SUA SPONTE*** **ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE IN ALL OF THE ABOVE, RELATED CASES**

On July 27 & 28, 2026, the court held a hearing (the "Hearing") on an emergency request for injunctive relief filed by one of the above-referenced Debtors, Louis Investments, LLC ("Louis"). During the Hearing, the court heard evidence that was clear and convincing that the principal of the above-referenced Debtors (Marc Kulick), who made the decision to file these cases, has engaged in mismanagement, has conflicts of interest, has possibly breached fiduciary

duties to the entities to the detriment of general creditors, and has not acted as a responsible corporate citizen with regard to real properties owned by the Debtors. The Hearing was supposed to be about alleged stay violations by an entity named YSA Investments I, LLC. YSA Investments I, LLC made a 7000% annual interest loan (and other high interest loans in 2025) to an entity controlled by Mr. Kulick, and then later recorded second liens on real properties owned by the Debtors, and then purported, through a power of attorney from Mr. Kulick, to transfer the Debtors' real properties to itself in the weeks before the Debtors filed bankruptcy. YSA Investments I, LLC, is owned or controlled by Mr. Ephraim Diveroli who has been described to the court as an international arms trader who was convicted of a felony, served time in prison, and then was the subject of a movie called *War Dogs*. Before Mr. Diveroli was supposed to take the witness stand on the second day of the Hearing (after two long days of testimony), the court was informed that YSA Investments I, LLC had filed bankruptcy moments earlier in Delaware. This moment was the latest event in what best can be described as weeks of chaos for the above Debtors. There are companies related to the Debtors that are already in bankruptcy in Oklahoma and in Maryland. Mr. Kulick owns more than 30 apartment complexes with many different first lien secured lenders. Many of these loans have matured or are in default. When this court orally announced that it was leaning towards *sua sponte* directing the U.S. Trustee to appoint a Chapter 11 Trustee over all of the Northern District of Texas Debtors, several creditors made oral motions requesting that and one creditor already had a motion on file in the Louis Investments case that had been set for hearing on August 7, 2026. Based on the evidence presented during the Hearing, and for the reasons stated orally by this court thereafter, and the further reasons stated below, the court has determined that "cause" exists for the immediate appointment of a Chapter 11 Trustee under 11 U.S.C. §§ 1104(a) and 105(a). Such "cause" includes Debtor's neglect of fiduciary duties, mismanagement,

conflicts, and failure to act as a responsible corporate citizen with regard to properties of the Debtor. In short, there has been irresponsibility and neglect of creditor's priorities and rights in attending to the needs of the Debtors. And there would appear to be a failure to focus on the duty to maximize value for the creditors ahead of the equity owners/guarantors.

These cases need a neutral third party to exercise fiduciary duties and decide if there are solutions to the many problems these Debtors have. Someone needs to step into the chaos that the Debtors and YSA Investment I, LLC have created.

It is, therefore,

**ORDERED** that the United States Trustee is directed to appoint a Chapter 11 Trustee in the above-captioned bankruptcy cases; and it is further

**ORDERED** that the court reserves the right to supplement the record supporting the appointment of a Chapter 11 Trustee; and it is further

**ORDERED** that all property managers for these Debtors (Vesta Realty and Capital Assets, Inc.) shall remain in place and only exercise property management duties in the ordinary course of business until otherwise directed by the Chapter 11 Trustee or this court.

**### END OF ORDER ###**