**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re: | |
| FAIRFAX INVESTORS, LLC, *et al.* | Case No. 26-11984-SAH<br>Chapter 11 |
| Debtors[1]. | (Jointly Administered Under Case No. 26-11984) |

**MOTION OF THE UNITED STATE TRUSTEE TO DISMISS CHAPTER 11 CASE OF WOODLAND OAKS INVESTORS, LLC, WITH BRIEF, NOTICE OF SHORTENED OPPORTUNITY FOR HEARING, AND NOTICE OF EXPEDITED HEARING**

---

NOTICE OF SHORTENED OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean McGee Avenue, Oklahoma City, OK 73102 no later than **14 days** from the date of filing of the motion. You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**[Note – this is a flat fourteen (14) days regardless of the manner of service.]**

---

NOTICE OF EXPEDITED HEARING
(TO BE HELD IF A RESPONSE IS FILED)

**Notice is hereby given that if a response to the motion is filed, the hearing on the matter will be held on Tuesday, August 18, 2026, at 1:30 p.m. in the 9th floor courtroom of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102. If no response is timely filed and the court grants the requested relief prior to the above-referenced hearing date, the hearing will be stricken from the docket of the Court.**

---

[1] The jointly administered cases are Fairfax Investors, LLC (Case No. 26-11984), Fairfax Best Living, LLC (Case No. 26-1 I 985), Woodland Oaks Best Living, LLC (Case No. 26-11986), and Woodland Oaks Investors, LLC (Case No. 26- 1 1987).

**I. Motion.**

United States Trustee, Ilene J. Lashinsky ("**UST**"), in furtherance of the administrative responsibilities imposed under 28 U.S.C. § 586(a), respectfully requests this Court to enter an order dismissing each of these cases under 11 U.S.C. § 1112(b).

**II. Brief in Support**

**A. Introduction.**

These four cases are part of a web of entangled entities whose driving agent is Marc Kulick ("**Mr. Kulick**"). Each pair of similarly named entities co-own an apartment complex, the Fairfax entities in Midwest City, and the Woodland entities in Tulsa. Mr. Kulick currently has at least 11 other similar entities in chapter 11 bankruptcies in Texas and in Maryland.

A Texas bankruptcy judge in the Northern District of Texas just ordered – *sua sponte* – the appointment of chapter 11 trustees in each of the ten Mr. Kulick-related chapter 11 bankruptcy cases before it. The order was based on "clear and convincing" evidence that Mr. Kulick "… has engaged in mismanagement, has conflicts of interest, has possibly breached fiduciary duties to the entities to the detriment of general creditors, and has not acted as a responsible corporate citizen with regard to real properties owned by the Debtors." One of those Texas debtor-estates is Louis Investments, LLC, the entity through which Kulick traces his claimed authority to file the bankruptcy of Fairfax Best Living, LLC.

Regarding the two apartment complexes before this Court, a state court receiver has been operating the complexes for over 200 days before bankruptcy in a foreclosure case. Further, the Debtors' second mortgage lien lender YSA Investments 1, LLC filed bankruptcy itself this week. There are zero good reasons to return control of the assets to Mr. Kulick. These cases should be dismissed to allow the parties to return to state court.

**B. Facts.**

1. Fairfax Investors, LLC (Case No. 26-11984) ("**Fairfax Investors**"), Fairfax Best Living, LLC (Case No. 26-11985) ("**Fairfax Best Living**"), Woodland Oaks Best Living, LLC (Case No. 26-11986) ("**Woodland Oaks Best Living**"), and Woodland Oaks Investors, LLC (Case No. 26-11987) ("**Woodland Oaks Investors**") all filed bare-bones voluntary chapter 11 petitions on June 12, 2026 (the "**Petition Date**") in their respective cases.

2. Each of the four Debtors is an admitted affiliate or insider of the other under 11 U.S.C. §§ 101(2) and 101(31). [*See, i.e.*, 26-11984 Doc. 32, p. 4, ¶ 2.]

3. Fairfax Investors and Fairfax Best Living own as tenants in common the apartment complex located at 7801 NE 10th Street, Midwest City, Oklahoma 73110 (the "**Fairfax Apartments**"). [26-11984 Doc. 28, p. 4, ¶ 7.]

4. Woodland Oaks Investors and Woodland Oaks Best Living own as tenants in common the apartment complex located at 7142 South 92nd East Avenue, Tulsa, Oklahoma 74133 (the "**Woodland Apartments**"). [See, 26-11986 Doc. 28, p. 4, ¶ 7.]

5. Before bankruptcy, Debtors' first mortgage lien secured creditor Saperean Capital IV TB Note Lender KD4, LLC ("**Saperean**") sued Debtors in the District Court of Oklahoma County, Oklahoma, Case No. CJ-2025-8499 (the "**State Court Case**") to foreclose the Fairfax Apartments and the Woodland Apartments.

6. By virtue of an agreed order approved by Debtors, a single receiver (the "**Receiver**") was appointed in the State Court Case over both Apartments on November 14, 2025.

***Debtors' Bankruptcy Cases:***

7. Debtors filed bankruptcy 210 days after appointment of the Receiver.

8. Initially, each Debtor filed emergency motions seeking (1) authority to use cash collateral, (2) turnover of estate assets from the Receiver, and (3) joint administration of the four bankruptcy cases.

9. Saperean and the UST each objected to the cash collateral and turnover motions.

10. Saperean also filed a Motion to Dismiss the cases.

11. Debtor and Saperean filed their *Stipulation Regarding Continued Operation Of Receivership Property, Use Of Cash Collateral, Financial Reporting, And Hearing On Motion To Dismiss* [26-11984 Doc. 80] (the "**Stipulation**").

12. The UST was unaware of the Stipulation until it was filed and is not a party thereto.

13. The Stipulation allowed the Receiver to remain in control and possession of bankruptcy estate assets, including the substantial rents collected each month.

14. The Stipulation does not require the Receiver to obtain a debtor in possession account as required by the USTP operating guidelines. [26-11984 Doc. 80, p. 1, ¶ 2; p. 2, ¶ 3.]

15. The Stipulation stated Debtors would withdraw their cash collateral and turnover motions, leaving those issues without Court scrutiny or approval, including a carve-out of cash collateral to pay statutorily mandated quarterly fees. [26-11984 Doc. 80, p. 2, ¶ 6.]

16. Counsel for Saperean has sent an email stating Saperean does not consent to its cash collateral being used to pay quarterly fees, which are owed for the second and third quarters of 2026 in an amount based upon Debtors' disbursements, which are high.

***Debtors' Meetings of Creditors:***

17. Each Debtor's § 341 Meeting of Creditors was conducted on July 21, 2026 (collectively the "**MOCs**").

18. Among others, those present at the MOCs were Debtors' counsel, Debtors' representative Mr. Kulick, counsel for Saperean, the Receiver, and counsel for the Receiver.

19. Mr. Kulick verified at the MOCs that Debtors owe significant debts to other insiders/affiliates that are also owned or controlled by Mr. Kulick. [See, e.g. 26-11984 Doc. 36, p. 23, # 3.56; .]

20. The UST believe this includes:

- Vesta Realty, who Debtor owes $23,530.55 [Doc. 37, p. 24, # 3.59],
- Vesta Landscaping Services, LLC, who Debtor owes $174,674.00 [Doc. 37, p. 24, # 3.58], and
- Vesta Holdings, LLC, a co-debtor of the Debtor [Doc. 37, p. 29, # 2.4]

21. In addition to other prepetition unsecured affiliate claims, Vesta Landscaping paid the $36,000.00 aggregate prepetition attorney retainer ($9,000.00 per Debtor) for Debtors' bankruptcy counsel.

22. Moreover, Mr. Kulick is a guarantor, and therefore co-debtor, of at least some of Woodland Oaks Investors' secured debts. [Doc. 37, p. 29, # 2.5]

23. After initially testifying under oath that Debtor's schedules and statements were true and correct, it became clear during Mr. Kulick's testimony that Debtors' bankruptcy schedules and statements only contained information that predated appointment of the Receiver.

24. Because the schedules and statements were admittedly outdated and incorrect, counsel for the UST, who conducted the MOCs, instructed the Debtors and the Receiver to work together to file amended schedules and statements by July 28, 2026. None were filed.

25. Debtors were each instructed to file their missing Initial Reports on or before July 28, 2026. None were filed

26. Debtors were each instructed to file their missing June Monthly Operating Reports on or before July 28, 2026. None were filed.

27. The Receiver was informed he was holding bankruptcy estate property and, together with Debtors, was instructed to place all bankruptcy estate funds into protected DIP accounts no later than July 28, 2026. The Receiver has provided no evidence that the estate funds in his possession were deposited into an approved institution.

***Chapter 11 Trustee Appointments in the Bankruptcy Court for the Northern District of Texas:***

28. Between June 25, 2026, and July 15, 2026, Mr. Kulick, and counsel Joyce Lindauer, filed the following ten chapter 11 bankruptcy cases in the United States Bankruptcy Court for the Northern District of Texas:

| Case Name: | Filed: | Case No.: |
|---|---|---|
| 727 Lofts Best Living, LLC | June 25, 2026 | 26-32779-SGJ11 |
| 727 Lofts Holdings, LLC | June 25, 2026 | 26-32780-SGJ11 |
| Remington Ranch's Best Living, LLC | June 26, 20026 | 26-32804-SGJ11 |
| Lofts At North Penn Best Living, LLC | July 02, 2026 | 26-32920-SGJ11 |
| A-V Village Creek Owner, LLC | July 02, 2026 | 26-32922-SGJ11 |
| Barcelona Best Living, LLC | July 9, 2026 | 26-33093-SGJ11 |
| Louis Investments, LLC | July 10, 2026 | 26-33110-SGJ11 |
| Woodland Manor Best Living, LLC | July 14, 2026 | 26-33167-SGJ11 |
| Woodland Manor TIC 1, LLC | July 14, 2026 | 26-33168-SGJ11 |
| Ridge Best Living, LLC | July 15, 2026 | 26-33177-SGJ11 |

29. On July 28, 2026, Judge Jernigan issued her *Sua Sponte Order Directing the Appointment of a Chapter 11 Trustee in all of the Above, Related Cases*, directing the appointment of chapter 11 trustees in each of the above ten cases.

30. A true and correct copy of Judge Jernigan's Order is attached as **Exhibit 1**.

31. Specifically, Judge Jernigan found that:

> During the Hearing, the court heard evidence that was clear and convincing that the principal of the above-referenced Debtors (Marc Kulick), who made the decision to file these cases, has engaged in mismanagement, has conflicts of interest, has possibly breached fiduciary duties to the entities to the detriment of general creditors, and has not acted as a responsible corporate citizen with regard to real properties owned by the Debtors.

32. Furthermore, Mr. Kulick's actions as owner / manager of similar apartment complexes are currently being questioned in various forums, including:

- *M Group LLC v. Vesta Holdings LLC, et. al*, United States District Court for the Northern District of Oklahoma, Case No. 26-CV-347
- *Upperman, et al., v Kulick et al.*, United States District Court for the Northern District of Oklahoma, Case No. 26-CV-383
- *Andover Woodscape LLC v. Louis Investments, LLC, c/o Vesta Realty and Marc Kulick*, United States District Court for the Northern District of Oklahoma, Case No. 26-CV-599
- *Federal National Mortgage Association v. Kulick, et. al*, United States District Court for the Western District of Oklahoma, Case No. 26-CV-1400
- *Jenk's Best Living, LLC v. Marc Kulick; Vesta Realty, LLC; Vesta Capital, LLC; YSA Investments 1, LLC; and Bocaire Tulsa Lender, LLC*, United States Bankruptcy Court for the District of Maryland, Case No. 26-00176

***Fairfax Investors has no realistic ability to reorganize:***

33. The Budget attached to Debtor's *Amended Emergency Motion for Authority to Use Cash Collateral* shows that it becomes insolvent Week 10 to 11. [Doc. 33-1, p. 3.]

34. Mr. Kulick testified in the MOCs that his plan to reorganize these Debtors hinged on obtaining DIP financing, and that he would have an adequate loan in the week of July 27, 2026. No indication of such financing has been produced.

35. Debtor has produced no financial information to show it can realistically reorganize.

**B. Legal Standard for Conversion or Dismissal.**

36. Section 1112(b) requires that the Court shall, in the absence of "unusual circumstances," convert a chapter 11 case to one under Chapter 7, or dismiss the case, if a party in interest establishes "cause." *In re TCR of Denver*, LLC, 338 B.R. 494, 498 (Bankr. Colo. 2006) ("Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under chapter 11 if the elements for 'cause' are shown under 11 U.S.C. § 1112(b)(4)").

37. Section 1112(b)(4) sets out a long and non-exclusive list of examples of cause including: (i) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (ii) gross mismanagement of the estate; (iii) unexcused failure to timely satisfy reporting requirements; and (iv) failure to timely provide information requested by the UST. 11 U.S.C. § 1112(b)(4)(A), (B), (F) and (H).

38. The enumerated examples of "cause" are non-exhaustive; non-identified acts or failures to act may also constitute cause. *In re Whetten*, 473 B.R. 380, 382 (Bankr. Colo. 2012).

39. Section 1112(b) provides that this Court shall convert a chapter 11 case to chapter 7 or dismiss the case, "whichever is in the best interests of creditors and the estate," for cause.

40. Generally, the Court may not convert or dismiss the case if there are "unusual circumstances" established showing that conversion or dismissal is not in the best interests of the creditors and the estate. Provided, there must be a reasonable likelihood that a plan will be confirmed within a reasonable time, there is "reasonable justification for the acts or omissions" serving as grounds for the motion, and the act or omission will be cured within a "reasonable period of time fixed by the court." No "unusual circumstances" exist here.

**C. The Court should dismiss this case under § 1112(b)(4)(A) for substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.**

41. Debtor's Budget shows it will be insolvent no later than week 10 or 11 of its case; week 10 begins August 17, 2026. [Doc. 33-1, p. 3.]

42. This insolvency will likely occur sooner because Debtor has not made provision for payment of statutory quarterly fees in its Budget or for ballooning administrative costs including the Receiver, his counsel.

43. Debtor has provided nothing to show it has a reasonable likelihood of rehabilitation.

44. Consequently, the Court should dismiss this case.

**D. The Court should dismiss this case under § 1112(b)(4)(B) for Debtor's gross mismanagement of the estate.**

45. As outlined above, Mr. Kulick's "mismanagement," "conflict of interests," and "failure to act as a responsible corporate citizen" caused Judge Jernigan to order appointment of all ten bankruptcy cases related to Mr. Kulick before her.

46. Here, Mr. Kulick admitted to municipal code violations and general deterioration of the Debtor's real property prior to bankruptcy; Saperean obtained the Receiver, who has begun restoring the properties as funds allow.

47. Debtor has made no showing Mr. Kulick can properly act in a fiduciary capacity here.

48. Further, Debtor has failed to: file its Initial Report; file its June MOR; seek an extension of time to file its June MOR, to amend its schedules and statements, or to protect estate assets by obtaining protected debtor in possession bank accounts.

49. The Court should dismiss this case for Debtor gross mismanagement of the estate.

**E. The Court should dismiss this case under § 1112(b)(4)(F) for Debtor's unexcused failure to timely satisfy reporting requirements.**

50. At the time of Debtor's MOC, it was already one day late to file its June MOR and was instructed to file its Initial Report and June MOR by July 28, 2026.

51. Debtor has neither filed reports nor sought to extend the deadline to file reports.

52. The Court should dismiss this case.

**F. The Court should dismiss this case under § 1112(b)(4)(H) for Debtor's failure to timely provide information requested by the UST.**

53. Debtor admitted the information in its schedules and statements predated state court appointment of the Receiver, which occurred over 200 days before bankruptcy.

54. The UST requested all schedules and statements be amended by July 28, 2026, none were.

55. The UST requested proof that Debtor's funds were in a protected DIP account by July 28, 2026. No such information has been provided.

56. In the MOR, the UST requested the parties to provide information regarding the amounts owed to the Receiver, how the Receiver would invoice for fees and expenses during the bankruptcy, and how the Receiver would be paid. No such information has been provided.

**G. Relief Requested.**

57. The UST respectfully requests that this Court dismiss the chapter 11 case of Woodland Oaks Investors, LLC, provide for the payment of accrued and accruing quarterly fees, and grant such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

s/ Jeffrey E. Tate
Marjorie J. Creasey, OBA #17819
Jeffrey E. Tate, OBA #17150
Office of the United States Trustee
215 Dean A. McGee, Fourth Floor
Oklahoma City, OK 73102
(202) 603-5961 | (405) 231-5958 [fax]
Marjorie.Creasey@usdoj.gov
Jeff.Tate@usdoj.gov

**CERTIFICATE OF SERVICE**

This is to certify that on July 30, 2026, the undersigned served a true and correct copy of the foregoing motion by first class mail, postage prepaid, on those parties in interest set forth on the mailing list attached to the original motion filed with the Court.

s/ Jeffrey E. Tate
Jeffrey E. Tate, OBA #17150